STATE OF NORTH CAROLINA v. WILLIAM CLYDE BALLARD

No. 7529SC409

(Filed 17 December 1975)

**1. Kidnapping § 1— absence of physical force —threats and intimidation**
    The use of actual physical force is not essential to the commission of the offense of kidnapping, but the offense may be committed by threats and intimidation and appeals to the fears of the victim which are sufficient to put an ordinarily prudent person in fear for his life or personal safety, and to overcome the will of the victim and secure control of his person without his consent and against his will.

**2. Kidnapping § 1— sufficiency of evidence**
    The State's evidence was sufficient to support a jury finding that defendant's conduct constituted such a threat as to put an ordinarily prudent person in fear for her life or personal safety so as to secure control of her person against her will where it tended to show that the victim was a young woman alone in her automobile, defendant, whom she did not know, suddenly got in her automobile when she stopped for a red light, defendant directed her to drive toward a country club, the victim drove several blocks and told defendant she had taken him far enough, defendant pulled the victim's hair back

State v. Ballard

and told her to drive, and the victim drove to a point near the country club where defendant pushed her out of the car and drove away in her car.

ON *writ of certiorari* to review proceedings before *Ervin, Judge*. Judgment entered 19 December 1974 in Superior Court, HENDERSON County. Heard in the Court of Appeals 4 September 1975.

Defendant was indicted for kidnapping and pled not guilty. The State offered evidence tending to show that at approximately 5:30 p.m. on 13 August 1974 Karen Ann Lynch was seated alone in her car stopped at a red light in Hendersonville. Defendant, whom she had never seen before, got in the car on the passenger's side. Miss Lynch asked what he wanted, and defendant replied that his name was John Smith and he wanted a ride home. Miss Lynch testified that she was surprised at first and then was afraid that if she did not do what he said, he would harm her in some way, because she did not know him. She considered getting out of the car but was afraid to do so because defendant was sitting in such a position that she was afraid he would hold her in the car and she saw no people around and was afraid she wouldn't be able to get help. She asked where she was to go, and defendant told her just to drive and he would tell her where to go. She drove several blocks as defendant directed. During this time she looked for people but could not find anyone from whom she could get help. He directed her to go toward the Country Club. She said, "I believe I have taken you far enough." Defendant replied, "Just take me to the Country Club, I work there." When she told him she had never seen him there, defendant pulled her hair back and told her she was just to drive. Miss Lynch was very frightened. When the car was above the tennis courts of the Country Club, she shifted gears and let the clutch out so as to stall the car. Then she started blowing the horn and screaming for help. When she pulled the keys from the ignition and had her door open, defendant pulled her back into the car by her hair, "sort of down and into his lap." Defendant pulled an object from his pocket and said, "I'm going to cut you." Defendant bit her hand until she let go of the keys. He knocked her out of the car to the ground, and then drove away in the car.

Defendant did not testify, but presented the testimony of his wife and other witnesses, whose testimony tended to establish an alibi.

The jury found defendant guilty. From judgment on the verdict imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General Alfred N. Salley for the State.*

*Don H. Garren for defendant appellant.*

PARKER, Judge.

Defendant's only assignments of error are directed to the denial of his motions for nonsuit. He contends that nonsuit should have been allowed because the evidence fails to show the use of force, either physical or constructive, against the victim until the car reached the vicinity of the tennis courts, and that, though the evidence shows force was used at that point, there was no showing of any asportation thereafter. We do not agree.

[1] The crime of kidnapping, as referred to in our statute, G.S. 14-39, was in effect and applicable to the offense for which defendant was here tried, is "the unlawful taking and carrying away of a person by force and against his will." *State v. Hudson,* 281 N.C. 100, 104, 187 S.E. 2d 756, 759 (1972). However, the use of actual physical force is not essential to the commission of the offense, and the crime of kidnapping may be committed "by threats and intimidation and appeals to the fears of the victim which are sufficent to put an ordinarily prudent person in fear for his life or personal safety, and to overcome the will of the victim and secure control of his person without his consent and against his will, and are equivalent to the use of actual physical force or violence." *State v. Bruce,* 268 N.C. 174, 182, 150 S.E. 2d 216, 223 (1966).

[2] Here, the evidence shows that the victim of the offense was a young woman alone in her automobile when defendant, whom she did not know, suddenly got in beside her. There was no one around to whom she could appeal for help. Threats by actions may be more effective than when made by mere words, and defendant's uninvited entrance into the car under these circumstances in itself constituted a threat. Miss Lynch testified that she considered getting out of the car at that point, but was afraid to do so because she "saw no people around" and was afraid she "wouldn't be able to get help." She also testified that she did not voluntarily take the defendant to the Country Club and was afraid that if she did not do what he said, he would harm her in some way. We find the evidence sufficient to sup-

port a jury finding that defendant's conduct on first entering the car and in directing Miss Lynch where to drive under the circumstances here disclosed constituted such a threat as to put an ordinarily prudent person in fear for her life or personal safety so as to secure control of her person against her will. From that point on there was an ample showing of asportation to constitute the crime of kidnapping. Defendant's subsequent conduct establishes that Miss Lynch's fears, first aroused when defendant got into her car, were far from groundless. Defendant's motions for nonsuit were properly denied.

No error.

Judges BRITT and CLARK concur.